UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00133-FDW-DCK

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., and XL INSURANCE AMERICA, INC., <br><br>    Plaintiffs, <br><br>vs. <br><br>HENDRICK AUTOMOTIVE GROUP, and SAVANNAH HIGHWAY AUTOMOTIVE CO., <br><br>    Defendants. | ORDER |

**THIS MATTER** is before the Court upon Defendants' Supplemental Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 30). In the alternative, Defendants' ask that this action be stayed in favor of a currently pending suit in the District of South Carolina. For the reasons below, Defendants' Motion is DENIED.

## 1.    BACKGROUND

On March 16, 2016, Plaintiff Hartford Insurance Company ("Hartford") filed its initial complaint for declaratory relief against Hendrick Corporation, LLC ("Hendrick LLC")—a North Carolina Limited Liability Company—and Mitsui Sumitomo Insurance Company of America—a New York Corporation. (Doc. No. 1). Hartford brought this action in federal court pursuant to 28 U.S.C. § 1332. Id. Hendrick LLC moved to dismiss the original complaint for lack of subject matter jurisdiction. (Doc. No. 7). In support of its Motion, Hendrick LLC argued that Hartford failed to present an actual case or controversy by failing to sue the real parties in interest. (Doc. No. 10).

1

On April 25, 2016, Hartford filed for leave to amend its complaint, which Hendrick LLC opposed. (Doc. Nos. 23, 28). On May 18, 2016, the Court entered two text only Orders. The first granted Hartford leave to amend its complaint and ordered that the amended complaint relates back to March 16, 2016 for all purposes. The Court's second text only Order deferred ruling on Hendrick LLC's pending Rule 12(b)(1) motion to dismiss until after Hartford filed its amended complaint and allowed Hendrick LLC to supplement its motion to dismiss so that it could address the amended complaint.

The amended complaint added XL Insurance America, Inc.—a Delaware corporation with its principal place of business in Connecticut—as an additional Plaintiff. (Doc. No. 29). Both original named Defendants (Hendrick LLC and Mitsui) were dropped as named parties, and Hendrick Automotive Group ("HAG") and Savannah Highway Automotive Company ("SHAC") were substituted as the named Defendants. Id. HAG is a New York general partnership, all the partners of which are citizens of North Carolina and Nevada. Id. SHAC is a South Carolina partnership, all the partners of which are also citizens of North Carolina and Nevada. Id. Defendants' supplemental motion essentially reasserts the arguments proffered in its original motion, notably adding that the Court lacked jurisdiction to grant Plaintiffs' leave to amend the original complaint.

## 2. LEGAL STANDARD

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417,422 (4th Cir. 1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765,

768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

The Declaratory Judgment Act does not provide an independent basis of subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–72 (1950). Instead, "[i]ts remedy may lie only if the court has jurisdiction from some other source." Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 879 (Fed. Cir. 2008); see Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937). The party seeking to establish declaratory judgment jurisdiction bears the burden of demonstrating that an Article III case or controversy exists at the time the claim for declaratory relief is filed. Arris Grp., Inc. v. British Telecomms., PLC, 639 F.3d 1368, 1373 (Fed. Cir. 2011).

Because Article III of the Constitution restricts the judicial power to the adjudication of "Cases" or "Controversies," U.S. Const. Art. III, § 2, a court may not adjudicate "a difference or dispute of a hypothetical or abstract character" or "one that is academic or moot." Aetna, 300 U.S. at 240. Instead, a justiciable controversy exists only where a dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests," and will "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. at 240–41; see MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007). In determining whether a justiciable controversy is present, the analysis must be calibrated to the particular facts of each

case, with the fundamental inquiry being "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (footnote omitted) (citations and internal quotation marks omitted).

### 3. DISCUSSION

Unlike the cases upon which Defendants rely, this case does not present an instance in which the amended complaint attempts to substitute theories of subject matter jurisdiction. Cf. Saxon Fibers, LLC. V. Wood, 118 Fed. App'x 750 (4th Cir. 2005) (dismissing case after Plaintiffs attempted to transform jurisdiction from diversity to federal question by adding a federal RICO claim where adding necessary parties would have destroyed diversity); Broad v. DKP Corp., 1998 WL 516113 (S.D.N.Y. Aug. 19, 1998) (denying cross-motion to amend the complaint "to assert an entirely new basis for jurisdiction once jurisdiction over the original complaint has been challenged or found wanting"). Plaintiffs originally sued under a diversity theory and continue to seek relief on this basis following amendment of the complaint. The Court finds that the original complaint, at most, contains defective jurisdictional pleadings.

Such defects do not strip the Court of jurisdiction over the case, but rather fall well within the curative allowances of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 21; Fed.R.Civ.P 15. Indeed, avoiding "judicial hoops[1]" is one of the reasons underpinning the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of [the Federal Rules]." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010). Moreover, this principle is consonant with Fed.R.Civ.P. 21's unqualified guidance that mis- or non-joinder of a party "is not a ground for

---

[1] Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989).

dismissing an action." Fed.R.Civ.P. 21. Leave to amend should be even more freely granted where the amendments seek to correct the identification of defendants who are related corporate entities and the original complaint "alleges a comprehensible claim against one of [the] group." Goodman v. Praxair, Inc., 494 F.3d 458, 474-75 (4th Cir. 2007).

Where a plaintiff seeks to amend its complaint in order to correct defective allegations of jurisdiction, the plaintiff is entitled to do so if jurisdiction actually existed at the time the complaint was filed. See 28 U.S.C. § 1653; Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 831 (1989) (stating that if jurisdiction "in fact exists at the time the suit was brought ... though defectively alleged," the defective allegations may be amended even in the appellate courts). Courts may review motions to amend, and indeed the entire record, in order to ascertain whether jurisdiction exists. See Sun Printing and Publishing Ass'n v. Edwards, 194 U.S. 377, 382 (1904) ("[t]he whole record ... may be looked to, for the purpose of curing a defective averment of ... diversity of citizenship, and if the requisite citizenship, is anywhere expressly averred in the record, or facts are therein stated which in legal intendment constitute such an allegation, that is sufficient.").

Here, it is clear from review of the record that diversity subject matter jurisdiction existed at the time the original complaint was filed. That the original complaint named the incorrect defendants amounts to a mere mis- or non-joinder of parties or defective jurisdictional allegations. Hendrick LLC, one of the original Defendants, is a corporate entity closely related to the properly answerable parties who are now named Defendants in this action. HAG and SHAC, as corporate entities closely related Hendrick LLC, are properly charged with knowledge of the original complaint under Fed.R.Civ.P. 15(c). Accordingly, the Court was well within its jurisdictional bounds to grant Hartford leave to amend its complaint, and the amended complaint

relates back to the date of the original complaint. The amended complaint, likewise, establishes that diversity subject matter continues to exist now that the appropriate parties have been named.

## 4. ORDER

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Dismiss (Doc. No. 7) and Supplemental Motion to Dismiss (Doc. No. 30) are DENIED.

IT IS FURTHER ORDERED that Plaintiffs' amended complaint (Doc. No. 29) relates back to March 16, 2016 for all purposes.

IT IS FURTHER ORDERED that XL Insurance America is, by consent, aligned with Plaintiff as a named party to this action.

IT IS FURTHER ORDER that Hendrick Corporation, LLC and Mitsui Sumitomo Insurance Company of America are, by way of the amendment, dropped from the underlying litigation. Hendrick Automotive Group and Savannah Highway Automotive Company are, by way of the amendment, added as named Defendants.

IT IS SO ORDERED.

Signed: June 13, 2016

Frank D. Whitney
Chief United States District Judge