UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00133-FDW-DCK

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., and XL INSURANCE AMERICA, INC., </br></br>Plaintiffs,</br></br>vs.</br></br>HENDRICK AUTOMOTIVE GROUP, and SAVANNAH HIGHWAY AUTOMOTIVE CO.,</br></br>Defendants. | ORDER |

THIS MATTER is before the Court upon Plaintiff Hartford Fire Insurance Company's two Motions for Judgment on the Pleadings (Doc. Nos. 42, 53) pursuant to Fed. R. Civ. P. 12(c).[1] The Court has reviewed Plaintiff's brief in support of its Motions (Doc. No. 43) and Defendants' brief in opposition (Doc. No. 56). For the reasons that follow, Plaintiff's Motions are DENIED without prejudice.

This case is about whether Plaintiffs owe an indemnity obligation to Defendants for a class action that Defendant Hendrick Automotive Group settled for over six million dollars. Plaintiff Hartford Fire Insurance Company (Hartford) argues essentially that Defendants' factual admissions and the plain terms of the policies establish that there is no coverage for the settlement

---

[1] Plaintiff Hartford Fire Insurance Company initiated this action in the United States District Court for the Western District of North Carolina on March 16, 2016 (Original Action). Defendants initiated Case No. 3:16-cv-00489 against Plaintiffs in the United States District Court for the District of South Carolina. Following a number of procedural motions, the South Carolina action was transferred to this Court, and on August 18, 2016, the two cases were consolidated, with the Original Action being the Lead Action. Plaintiff had filed Motions for Judgment on the Pleadings in both cases prior to consolidation.

1

and that Hartford is entitled to a declaratory judgment declaring that it has no obligation to indemnify Defendants.

On September 13, 2016, Hartford and Defendants filed a Notice of Partial Settlement in which they state that they intend to file a stipulation of dismissal, with prejudice, of all claims and counterclaims as between them on or before October 27, 2016. (Doc. No. 59). The parties specify, however, that "*nothing herein is intended to, or does, serve as a notice of any settlement as between Plaintiff XL Insurance Company of America, Inc., and Defendants*." Due to the parties' Notice of Partial Settlement, the Court determines that it is in the interest of justice and judicial management to defer a ruling on Hartford's Motion until the parties either settle their claims as stated in their Notice of Partial Settlement or until after discovery is complete. See Fed. R. Civ. P. 12(i) ("[A] motion under 12(c) must be heard and decided before trial unless the court orders a deferral until trial."). Hartford shall retain the ability to re-raise its arguments after the close of discovery should the parties not settle as contemplated by their Notice of Partial Settlement.

**Neither the parties' Notice of Partial Settlement nor this Order shall be construed as delaying or extending the deadlines in the Case Management Order**.

For the reasons stated above, Plaintiffs' Motions for Judgment on the Pleadings are DENIED without prejudice to be reasserted at summary judgment or trial.

IT IS THEREFORE ORDERED that Plaintiffs' Motions are DENIED.

IT IS SO ORDERED.

Signed: September 28, 2016

Frank D. Whitney
Chief United States District Judge